Armour Rentals, Inc., Formigli Corp., H. Perilstein Glass Co., Patent Scaffolding Co., S. A. Lindstrom Co. *v.* General State Authority, the Department of Insurance and the Insurance Commissioner.

Argued April 12, 1971, before President Judge Bowman, and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Manderino, Mencer and Rogers.

*Kenneth M. Cushman,* with him *Robert F. Cushman, J. Anthony Messina, E. Parry Warner, Lewis S. Kunkel, Jr.,* and *Pepper, Hamilton & Scheetz,* for plaintiffs.

*Frederic G. Antoun,* Deputy Attorney General, with him *Jack Mulhall,* Assistant Attorney General, *Robert A. Miller,* Assistant Attorney General and *J. Shane Creamer,* Attorney General, for defendants The De-

partment of Insurance and The Insurance Commissioner.

*Richard D. Holahan,* Assistant General Counsel, for defendant General State Authority.

OPINION BY JUDGE ROGERS, June 1, 1971:

The plaintiffs in these two lawsuits are business corporations who as subcontractors furnished work and materials in the construction of a field house and classroom building at West Chester State College. By reason of the financial collapse not only of the general contractor but of the surety on its bond, the plaintiffs have not been paid claims totalling approximately $81,000.

The three defendants are the Insurance Department, the Insurance Commissioner and the General State Authority of the Commonwealth of Pennsylvania, which last as an instrumentality of the state, contracted for the construction of the school building.

One of the complaints is entitled, "Complaint in Trespass" and the other, "Complaint in Assumpsit"; neither caption contains any reference to nature of the cause, whether assumpsit or trespass. Except that the former omits a claim based upon quantum meruit the allegations of the two complaints are identical. The plaintiffs aver that the defendant, General State Authority (hereinafter called GSA), entered into an agreement with Cubic Construction Company (Cubic) for the construction of the building; that Prudence Mutual Casualty Company (Prudence) became surety on Cubic's contract bond for performance and for payment of labor and materialmen in the penal sum of $2,821,000; that Cubic entered into subcontracts with plaintiffs for portions of the work; that the delivery of said bond was by state law a condition to the award of the contract to Cubic; that at the time Prudence became

surety on Cubic's bond in the amount of $2,821,000, it was not authorized by law to write any one bond of a penal sum in excess of $255,764; that Prudence's authorization declined until it was barred from writing further bonds; that Prudence was required to and did file with the defendants annual and monthly reports of its financial condition; that Cubic is bankrupt and cannot pay plaintiffs; and that Prudence is in liquidation and its contract of surety is worthless. Count I in both complaints avers that all defendants were negligent in failing to require Cubic to furnish and maintain good and sufficient surety in accordance with the requirements of law, and Count III in both avers that GSA was negligent in paying money to Cubic knowing plaintiffs were not being paid and that Cubic's bond was deficient. Count II in both complaints avers that by a quoted provision of the contract between GSA and Cubic the plaintiffs derived third party beneficiary rights entitling them to judgment against all defendants. The "Complaint in Assumpsit" contains in addition a Count IV alleging that "because of the aforesaid breaches" all defendants are liable to plaintiffs in quantum meruit.

All defendants have filed preliminary objections to both complaints. GSA moves to strike the complaints on the ground that portions of each sound both in trespass and in assumpsit, contrary to law and the Rules of Civil Procedure. It further demurs to each complaint; to that in trespass on the ground that GSA is not susceptible to suit by reason of the doctrine of sovereign immunity, and to that in assumpsit on the ground that complaints allege no contract between GSA and the plaintiffs.

The Insurance Department and the Insurance Commission have filed a petition raising a question of this court's jurisdiction based upon the contention that the State Board of Arbitration of Claims has exclusive jurisdiction of these claims and a petition raising the de-

fense of prior action pending before the Board of Arbitration of Claims.

We have concluded that the GSA's motions to strike must be granted. These complaints were filed on January 26, 1971. Supreme Court Rule of Civil Procedure 1020(a) relating to Assumpsit, then effective, provided: "The plaintiff may state in the complaint two or more causes of action triable in the same county which arise from contract or are quasi contractual. Each cause of action and any special damage related thereto shall be stated in a separate count containing a demand for relief." RCP 1044(a) relating to Trespass provided: "The plaintiff may state in his complaint two or more causes of action in trespass, triable in the same county, which arise from the same transaction or occurrence or series of transactions or occurrences." These rules and RCP 1018 requiring the form of action to be stated in the caption of complaints continued the general rule of common law practice that a cause of action ex delicto cannot be joined in the same suit with a cause of action arising ex contractu. See cases collected in *Goodrich-Amram Procedural Rules Service*, 1970 Supp., Binder 1, Section 1020(a)-1, page 231. RCP 1020 was amended January 7, 1971, effective February 15, 1971 by the addition of subsection d(1) requiring the joinder in one action of causes in assumpsit and trespass, arising from a transaction or occurrence or a series of transactions or occurrences. The joinder is, however, required to be in separate counts, each count to specify whether the cause stated therein is in assumpsit or trespass, and to state that cause of action. The complaints here are defective under Rule 1020 effective when filed; they are not in compliance with that Rule as amended by the addition of subsection (d)(1) because the causes of action claimed upon in the several counts are not specified. For the reasons hereinafter stated, we should not disregard this defect. See RCP 126.

While no apologia is required for insistence on compliance with procedural rules, we are constrained to make some brief observations because there reside in this cause the controversial issue of sovereign immunity and perhaps more importantly a question concerning this court's jurisdiction.

As noted, the plaintiffs in both complaints charge an Authority created by the legislature, a Department of State Government, and a Department Head, with negligence. This court undoubtedly has jurisdiction of this cause under Section 401(a)(1) of the Appellate Court Jurisdiction Act of 1970, July 31, P. L.    , No. 223, 17 P.S. 211.401(a)(1). But the GSA has demurred to both of the complaints on the ground that the defendants are not amenable to suit in trespass under the doctrine of sovereign immunity, and have advanced strong authority to this effect.

The plaintiffs further contend again in both complaints that the contract between GSA and Cubic confer on them third party beneficiary rights. In the so-called Complaint in Assumpsit they claim to be entitled to judgment for the value of their services, whether as a party to a contract implied in fact or on a quasi contractual theory is not entirely clear. The defendant GSA has demurred to both complaints, asserting that no facts have been stated sufficient to create liability in assumpsit.

Further, the Commonwealth sued as the Insurance Department, has filed a petition raising a question of our jurisdiction. This is based upon Sections 509(e) (2) of the Appellate Court Jurisdiction Act of 1970, *supra*, 17 P.S. 211-509(e)(2) which immunizes from that Act "the authority, power and jurisdiction of the Board of Arbitration of Claims." The Act of 1937, May 20, P. L. 728, 72 P.S. 4651-1, creating the Board of Arbitration of Claims confers upon the Board jurisdiction to hear and determine all claims against the Com-

monwealth arising from contracts. The Commonwealth argues that all of these claims arise from contract and that therefore the Board has exclusive jurisdiction.

It becomes apparent from the foregoing cursory narrative that it is important that the causes, whether in trespass or assumpsit, be discriminated by count in a complaint prepared in accordance with the Rules. To such counts appropriate preliminary objections may then be addressed, to the end that orderly and definitive decisions may be made to each.

And now this 1st day of June, 1971, the motions to strike filed by the General State Authority are granted and the complaints filed in these matters stricken, with leave in the plaintiffs to file an amended complaint in accordance with law and the Rules of Civil Procedure within twenty (20) days.